**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BILLY CHARLES AARON,                                                               PLAINTIFF
ADC #110649

v.                               5:12-cv-00205-JLH-JTK

SUSAN WEBBER WRIGHT, et al.                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      INTRODUCTION**

Plaintiff Billy Charles Aaron, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. No. 1). Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion will be denied. 28 U.S.C. § 1915(a).

**II.     SCREENING**

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is considered a "three-striker" within the meaning of the PLRA, because at least three of his prior cases were dismissed as frivolous or for failure to state a claim.[1] In addition, the Court finds that Plaintiff's present allegations do not support a claim that he is in imminent danger of serious harm, which is an exception to the three-strikes rule. Specifically, Plaintiff's claims in the present Complaint are: 1) Defendant Wright ruled against him in prior proceedings; 2) Defendants May, Banks, Meinzer, Vilcher, Clark, Arkansas Department of Correction and the State of Arkansas, are responsible for improperly confining him in administrative segregation, pursuant to the Prison Rape Elimination Act (PREA), for in excess of 2,645 days; 3) Defendants Robinson and Waddy denied him access to the law library; 4) Defendants Hubbard, Babich, Snyder, Giddens, Ixo, Gordon, McBride, and Jefferson Regional Medical Center failed to properly treat him for a thyroid condition in March and June, 2011, and March, 2012; and 5) Defendant Social Security Administration denied his request for disability benefits. With respect to his medical allegations, although Plaintiff states "the danger has happened in the past and is happening now. Which this case falls under imminent danger of serious physical injury" (Doc. No. 4, p. 26), the facts as alleged relate to incidents which occurred in 2011 and in March, 2012, and Plaintiff offers no facts to support his statement of present imminent danger.[2]

Therefore, the Court finds that Plaintiff's Complaint does not fall within the exception to the "three-strikes" provision of the PLRA, and that his Motion to Proceed In Forma Pauperis should be

---

[1] See Aaron v. State of Arkansas, 5:04-cv-00199-BRW; Aaron v. Harris, 5:06-cv-00312-BRW; Aaron v. Harris, 5:09-cv-00118-BSM.

[2] "[A]n otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception...." Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original).

denied.

**III.    CONCLUSION**

       IT IS, THEREFORE, RECOMMENDED that:

    1.    Plaintiff Aaron's Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Doc. No. 1) be DENIED.

    2.    Should Plaintiff wish to continue this case, he be required to submit the statutory filing fee of $350.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case.  Upon receipt of the motion and full payment, the case will be reopened.

    3.    Plaintiff's Complaint be DISMISSED without prejudice.

    IT IS SO RECOMMENDED this 15th day of June, 2012.

                                                                         _____
                                                                         JEROME T. KEARNEY
                                                                         UNITED STATES MAGISTRATE JUDGE